**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**EDWARD WYNN**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 06-3240**

**VENETIA T. MICHAEL (WARDEN)**                    **SECTION "F"(6)**

**<u>TRANSFER ORDER</u>**

Petitioner, EDWARD WYNN, has filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 in which he is challenging the constitutionality of his 1980 state court conviction and

sentence.  To support his challenge, petitioner asserts the following grounds for relief:

1)      The prosecutor committed misconduct in soliciting false and misleading
        testimony and in failing to disclose to the jury the existence of the state's
        immunity agreement with two material witnesses;

2)      He was denied effective assistance of counsel because counsel failed to
        actively pursue pre-trial motions and discovery.

A review of this Court's records reflects that petitioner filed a prior petition for writ of

habeas corpus related to this same conviction and sentence entitled <u>Edward R. Wynn v. Burl Cain,</u>

<u>Warden</u>, Civil Action 02-0172 "F"(6).  In that petition, petitioner raised the following grounds for

relief:

1)      The trial court gave an erroneous jury instruction on reasonable doubt;

2)     The prosecution failed to disclose immunity agreements given to its witnesses;

3)     The evidence was insufficient to convict him; and

4)     He was denied effective assistance of counsel.

That petition was dismissed with prejudice as time-barred by Judgment entered August 14, 2002. Petitioner appealed.  The United States Fifth Circuit Court of Appeals denied his request for a certificate of appealability.  See Rec. Doc. No. 15.

The petition presently before the Court is considered to be  a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)     the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that EDWARD WYNN's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this _____29th_____ day of _____June_____, 2006.

_____
UNITED STATES DISTRICT JUDGE

3